OPINION
The appellant, James L. Graphenreed, Jr. ("appellant"), appeals the judgment of the Auglaize County Court of Common Pleas, sentencing him to a total of thirty-six (36) months in prison after he pled guilty to two counts of Corruption of a Minor, in violation of R.C. 2907.04. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history are as follows: On July 7, 2000, the appellant, age 28, and another adult friend, participated in a game of "strip-dare" with a 14 year old girl. During the course of the game, the appellant and the young girl engaged in oral sex and sexual intercourse. The appellant and the girl had several other sexual encounters after that night.
The appellant was originally indicted on four counts of Corruption of a Minor. Pursuant to a plea agreement, he pled to and was convicted of two of the original counts. Subsequently, a sexual predator status and sentencing hearing was held. The trial court found that the state failed to meet its burden and declined to classify the appellant as a sexual predator. The trial court then imposed two maximum sentences of eighteen (18) months imprisonment, to be served consecutively.
The appellant now appeals, presenting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court committed prejudicial error when it failed to properly follow the sentencing criteria set forth in Ohio Revised Code, Sections 2929.13 and 2929.14 resulting in defendant-appellant receiving a maximum sentence on each count, which is contrary to law.
 ASSIGNMENT OF ERROR NO. II The trial court's ordering the sentences of the defendant-appellant to be served consecutively to each other was unsupported by the record and was contrary to law.
The appellant argues that the record does not support the trial court's decision to impose the maximum possible prison sentence, nor the trial court's decision that the two eighteen (18) month sentences should be served consecutively. Thus, he asserts that his sentence is contrary to law. For the following reasons, we disagree with both of the appellant's assignments of error.
According to R.C. 2929.11(A), a court that sentences a felony offender must be guided by the overriding purposes of felony sentencing, which are protecting the public from future crime and punishing the offender. Additionally, the court's sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes by similar offenders."[1]
In the case of a fourth degree felony like the one for which the appellant was convicted, the sentencing court is required to consider the applicability of factors set forth in R.C. 2929.13(B)(1) when determining the appropriate sentence. The Ohio felony sentencing law also requires a trial court to make various findings before it may properly impose a maximum sentence. R.C. 2929.14(C) states as follows:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
This Court had repeatedly held that "it is the trial court's findings under R.C. 2929.03, 2929.04, 2929.11, 2929.14, and 2929.19, which in effect determine a particular sentence and a sentence unsupported by these findings is both incomplete and invalid."[2] A trial court must strictly comply with the relevant sentencing statutes by making such findings of fact on the record at the sentencing hearing and, when required, must set forth its reasons for imposing a particular sentence.[3] Specifically, when a maximum sentence is imposed under R.C. 2929.14(C), the trial court must specifically state its reasons for imposing the maximum sentence.[4]
Under Ohio felony sentencing law, a trial court must make certain findings prior to sentencing a defendant to consecutive sentences. R.C.2929.14(E) states, in pertinent part:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was * * * under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
This Court has held that when consecutive sentences are imposed under R.C. 2929.14, the trial court must set forth its reasons for imposing consecutive sentences.[5]
R.C. 2953.08(G)(1) permits this Court to vacate a sentence and remand it to the trial court for the purpose of resentencing in the event that we clearly and convincingly find that the record does not support the sentence or that the sentence is otherwise contrary to law.
A review of the record in this case reveals that the trial court meticulously followed the sentencing guidelines, citing to specific facts presented at the hearing to support each of its findings under R.C.2929.13(B)(1). The trial court found the following statutory factors: the offense was a sex offense that was a fourth or fifth degree felony violation of R.C. 2907.04; the offender previously served a prison term, a finding supported by the appellant's extensive arrest record which was included in the presentence investigation report; the offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance, a finding which the presentence investigation report reveals to be true. The trial court then properly considered the seriousness and recidivism factors found in R.C. 2929.12.
The trial court also set forth on the record at the sentencing hearing its specific reasons for imposing the maximum prison term. In doing so, the court pointed to factual evidence to support that decision as well. Although the appellant might like to quibble with the trial court's evaluation of the evidence presented at his hearing, we find that its determinations were amply supported.
With regards to its decision to make the sentences run consecutively, the trial court made the necessary findings under R.C. 2929.14(E) and explicitly described the reasons for its decision.
Accordingly, the appellant's first and second assignments of error are overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
SHAW and BRYANT, JJ., concur.
[1] R.C. 2929.11(B).
[2] State v. Bonanno (June 24, 1999), Allen App. Nos. 1-98-59 and 1-98-60, unreported; see, also State v. Russell (March 13, 2000), Auglaize App. No. 2-99-38, unreported.
[3] Bonanno, supra.
[4] R.C. 2929.19(B)(2)(d).
[5] See R.C. 2929.19(B)(2)(c).